UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TURAVON D. DANIELS                                                                                PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:09CV-376-S

DEA FORFEITURE COUNSEL                                        DEFENDANT

## MEMORANDUM OPINION

This matter arose from the administrative forfeiture by the United States Drug Enforcement Administration ("DEA") of $125,055.00 seized from the plaintiff, Turavon D. Daniels ("Daniels"), at the PNC Bank in Elizabethtown, Kentucky. Daniels contends that on May 19, 2008 he was at the bank transferring money to a business associate in Oklahoma City, Oklahoma in connection with his party promotion business, Follow the Trell Entertainment, LLC. He contends that the seized funds were the proceeds of legitimate business ventures.

The following motions are before the court:

1. Daniels' motion for hearing (DN 6)

2. Daniels' motion for hearing to set aside forfeiture (DN 7)

3. DEA's motion to dismiss (DN 15)

4. Daniels' motion to accept plaintiff's response to defendant's motion to dismiss (DN 19)[1]

An accounting of the procedural history underlying this matter is necessary to the disposition of the pending motions.

---

[1] DN 19 does not have a response to the motion to dismiss accompanying it. Daniels' response was filed as DN 18 on November 16, 2009. The court granted an extension of time (DN 21), permitting the filing. DNs 19 and 20 refile motions already in the record, apparently as exhibits to Daniels' response. **For purposes of clarity, the clerk of court will make a corrected docket entry indicating that these items (attachments filed under DNs 19 and 20) are exhibits to DN 18.**

The funds in question were seized from Daniels on June 4, 2008 by detectives of the Elizabethtown Police Department and Hardin County Drug Task Force. The DEA accepted the case for administrative forfeiture after legal review of the evidence supporting the seizure. On June 12, 2008, a written notice of seizure was sent by certified mail to Daniels, his counsel, and others. The notice details the procedures for requesting remission and mitigation of forfeiture and for contesting the forfeiture. These are separate procedures described under separate headings in the notice. Daniels does not deny that he received timely notice in this matter.

The notice provides a number of dates with which a claimant must comply. A petition for remission or mitigation must be filed with the Forfeiture Counsel of the DEA within thirty (30) days of receipt of the notice. On June 20, 2008, the DEA received a defective petition for remission and mitigation which Daniels was given additional time to correct. On July 16, 2008, the DEA received a corrected petition for remission or mitigation.

The notice states that in lieu of or in addition to petitioning for remission or mitigation, a claimant may contest the forfeiture in the United States District Court. The notice explained to Daniels that "To do so, you must file a claim with Forfeiture Counsel of the DEA by **July 17, 2008**." (emphasis in original). Despite the fact that Daniels clearly understood the process for filing a claim or petition with the DEA Forfeiture Counsel, having just done so to seek remission or mitigation, Daniels filed a Claim for Seized Funds in the United States District Court, commencing the present action on July 17, 2008. Further, Daniels did not serve the defendant until November 10, 2009 after the filing of the DEA's motion to dismiss, even though the Clerk of Court sent notice on July 18, 2008 alerting the plaintiff that he had failed to tender summons with the complaint. (DN 3).

On July 21, 2008, Daniels moved to hold the case in abeyance pending disposition of his motion for remission or mitigation and seeking a *de novo* hearing on his claim for the seized funds. The court ordered the case held in abeyance on January 21, 2009.[2]

On August 29, 2008, the Forfeiture Counsel for the DEA declared the property forfeited to the United States pursuant to 19 U.S.C. § 1609, noting that no timely claim to the property had been filed. On June 30, 2009, a letter was sent to Daniels denying his petition for remission or mitigation of forfeiture. Daniels did not seek reconsideration of the decision.

Tile 18 U.S.C. § 983(a)(2)(A) and (B) state:

> (A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.
>
> (B) A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed)...

The DEA has moved for dismissal on the grounds that (1) this court lacks jurisdiction to hear Daniels' claim as no claim was filed with Forfeiture Counsel of the DEA by July 17, 2008, as required by the notice; and (2) since proper notice of forfeiture has been established in the record and there has been no challenge to the denial of the petition for remission or mitigation, the motion to set aside the forfeiture pursuant to 18 U.S.C. § 983(e) must be denied. DEA has moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

---

[2]The court signed Daniels' tendered order which also provided for a *de novo* hearing. The court was unaware until the filing of the motion to dismiss that Daniels had failed to file a claim with the Forfeiture Counsel of the DEA by July 17, 2008. While the notice provides that the claim need not be made in any particular form, the DEA did not receive any information concerning the filing of this action until its receipt of copies of various filings on July 24, 2008. It was not served with summons until September 3, 2009. Although Daniels seeks a *de novo* hearing on his claim, it is apparent that he is not entitled to one, as the court lacks jurisdiction to hear his claim. Additionally we note that Daniels submitted under DN 20 a Complaint for Hearing *de novo*. This document bears a service date of May 22, 2009, but no such filing appears in the record. This document is, however, identical to DN 6 styled Motion for Hearing which was filed on May 26, 2009. DN 6 is presently before the court for consideration.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

Daniels fails to address the DEA's arguments except for the single unsupported statement that "[a]t all times pertinent to this cause of action the DEA was on notice that the Plaintiff contested the illegal and unconstitutional seizure of his business funds." Response to Mo. to Dismiss, p.3. The claimant's filing of a claim in the district court does not satisfy the requirement that a claim be filed with the appropriate official, in this case, the Forfeiture Counsel of the DEA. The statute provides that notice need not be in any particular form. § 983(a)(2)(D). However, in whatever form it takes, a claim must be timely filed with Forfeiture Counsel. The sending of copies of filings in the district court a week after the deadline is insufficient. Further, DEA was not served with summons until almost two months after the action was instituted.

Daniels does not dispute that if a claimant "chooses an administrative challenge, the decision to remit or mitigate the forfeiture is within the domain of the DEA, and once that agency has made its determination on the petition, courts generally have no power to review that decision." *Armstrong v. United States*, 89 F.3d 832, 1996 WL 205581 (6th Cir. April 25, 1996), unpubl., quoting *Averhart v. United States (In the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars)*, 901 F.2d 1540, 1543-44 (11th Cir. 1990). The court concludes, therefore, that Daniels' motions for hearing on his claim for seized funds must be denied and the Action must be dismissed.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

February 26, 2010

**Charles R. Simpson III, Judge
United States District Court**